UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>RAZHAM DEMAR BROADNAX,<br><br>Movant. | No. 2:11-cr-0068 KJM AC P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding through counsel, brings a challenge to the execution of his sentence under 28 U.S.C. § 2255. ECF No. 148. The United States opposes the motion, ECF No. 152, and movant has replied, ECF No. 4155.

I.  **BACKGROUND**

Following a jury trial in 2012, Mr. Broadnax was convicted of distribution of marijuana, aiding and abetting (Count One); possession with intent to distribute marijuana (Count Three); and being a felon in possession of a firearm (Count Four).[1] The district court imposed a sentence of 150 months in prison: 30 months for each count marijuana count, to run concurrently, and 120 months for the felon in possession count. ECF No. 119.

The evidence at trial showed the following. On January 25, 2011, a 911 caller reported a

---

[1] Count Two, possession of a firearm in furtherance of a drug trafficking offense, was dismissed on the government's motion after the jury was unable to reach a verdict. ECF Nos. 93, 100.

1

drug deal in progress. The caller described a man with a gun, a bag of what looked like powder cocaine, and a bag of marijuana, in a car with a woman. The caller provided a license plate number, which led police to a residential address where Mr. Broadnax answered the door. He had approximately $1000 cash in small denominations in his pocket, and stated that he had "a little bit of weed" on him. A search of the house revealed an electronic scale, a loaded revolver, and four clear plastic bags containing marijuana, which totaled approximately 150 grams. Movant denied knowledge of the gun, but he claimed the marijuana. He said, "I smoke a lot of weed. I have a card for it." The 911 caller identified movant as the man he had seen in the car with the gun and drugs.

The primary issue as to the drug charges was whether the marijuana was for personal use or for sale. The prosecution presented expert testimony regarding the quantity of marijuana and other indicia of sales. Movant testified in his own defense that he possessed the marijuana for personal use. He admitted being in the car that was seen by the 911 caller, but denied that he was selling drugs. He testified that he was there with a lady friend named Gina Ray and with Andre Dixon, a fellow holder of a medical marijuana card, with whom he was smoking weed. Neither Gina Ray nor Andre Dixon testified. On cross-examination and in rebuttal, the prosecution introduced prior acts evidence involving two previous incidents in which movant had claimed to possess marijuana for personal use and had sustained convictions.

The defense unsuccessfully sought a lesser included offense instruction on simple possession. The jury found movant guilty on both marijuana charges: distribution, and possession with intent to distribute.

Movant appealed on the following grounds: (1) the motion to suppress was improperly denied; (2) Officer Lannom's opinion testimony was erroneously admitted at trial; (3) evidence of movant's prior convictions was erroneously admitted at trial; (4) movant's motion for a continuance was improperly denied; and (5) the court erred in imposing a four-level upward adjustment under USSG § 2K2.1(b)(6)(b). The judgment was affirmed on November 23, 2015. ECF No. 142.

////

II.     THE MOTION

The § 2255 motion presents two claims for relief. Movant alleges first, pursuant to United States v. McIntosh, 833 F.3d 1163, 1169-1170 (9th Cir. 2016), that a rider to the Consolidated Appropriations Act of 2017 precludes the Bureau of Prisons from spending funds to incarcerate individuals who complied with state laws regulating medical marijuana. On the basis that he possessed a medical marijuana card at the time of his arrest, movant contends that his sentences on Counts One and Three must be suspended pursuant to McIntosh. Second, he alleges that appellate counsel rendered ineffective assistance by not raising this claim on direct appeal.[2] ECF No. 148 at 7-8, 16.

In opposition, the government argues that (1) the challenge to BOP's ongoing expenditure of funds is moot, because the consecutive 30-month terms imposed on movant's marijuana counts have already been served and he is now incarcerated only on the felon in possession conviction; (2) the Consolidated Appropriations Act does not prohibit BOP's expenditure of funds for incarceration; (3) an evidentiary hearing under McIntosh is unavailable because the jury verdict excludes the possibility that movant can demonstrate compliance with California medical marijuana law; and (4) an ineffective assistance of appellate counsel claim fails because McIntosh had not been decided at the time of the appeal, so the issue was not available. ECF No. 152.

In reply, movant argues that (1) the issue is not moot; (2) the appropriations rider applies to BOP's expenditure of funds; and (3) the verdict does not exclude the possibility that movant complied with California law. Related to the latter issue, movant contends that the government is judicially estopped from relying on the absence of evidence of state law compliance, because such evidence was excluded at trial after the government argued its irrelevance. ECF No. 155.

////

---

[2] The § 2255 motion states that this claim is conditionally asserted in the event "the government argues Mr. Broadnax was required to raise this claim in direct appeal," and acknowledges that the opening brief on appeal was filed prior to the effective date of the appropriations limitation at issue. ECF No. 148 at 8. Because the government does not argue that the claim was forfeited by omission from the direct appeal, the undersigned does not address the ineffective assistance of counsel claim.

III. APPLICABLE LEGAL STANDARDS

A. Review of Motions Under 28 U.S.C. § 2255

A federal prisoner making a collateral attack on the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under section 2255, the district court may grant relief if it concludes that a sentence violates the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). Both the grounds for relief and the scope of the remedy in a section 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute. Davis v. United States, 417 U.S. 333, 343-44 (1974).

The district court must grant a hearing to determine the validity of a petition brought under section 2255, unless the record conclusively shows that the prisoner is entitled to no relief. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In other words, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

B. The Medical Marijuana Appropriations Riders

Since December 2014, Congress has attached successive riders to omnibus appropriations bills that have prohibited the Department of Justice from using congressionally allocated funds to prevent states from implementing their medical marijuana laws. See United States v. McIntosh, 833 F.3d 1163, 1169-1170 (9th Cir. 2016); United States v. Pisarski, 965 F.3d 738, 741 (9th Cir. 2020). In McIntosh, the Ninth Circuit held that this provision prohibits the DOJ from prosecuting individuals for conduct that is permitted by state medical marijuana laws. The riders prohibit the expenditure of funds only in connection with a *specific charge* involving conduct that is fully compliant with state laws regarding medical marijuana; the applicability of the rider therefore depends on the conduct which forms the basis of a particular charge. United States v. Kleinman, 880 F.3d 1020, 1028 (9th Cir.), cert. denied, 139 S. Ct. 113 (2018).

When a defendant seeks to enjoin the expenditure of funds on a prosecution related to medical marijuana, the district court must hold an evidentiary hearing to determine whether the defendant has "strictly complied" with all state-law conditions regarding the use, distribution, possession, and cultivation of medical marijuana. McIntosh, 833 F.3d at 1179. To prevail at a McIntosh hearing, the burden is on the defendant to prove his compliance with state law by a preponderance of the evidence. United States v. Evans, 929 F.3d 1073, 1077 (9th Cir. 2019). Where a conviction was obtained before the rider took effect, a determination that the charged conduct was wholly compliant with state law does not invalidate the conviction, but means that the DOJ's continued expenditure of funds after the effective date of the rider, pertaining to that particular state-law-compliant conviction, is unlawful. Kleinman, 880 F.3d at 1028.

IV.   ANALYSIS

Many of the issues presented by the parties need not be reached, because movant has failed to satisfy his threshold burden of pleading facts which, if true (and assuming that the medical marijuana riders apply to BOP's expenditure of funds related to the execution of a sentence), would entitle him to relief. See Howard, 381 F.3d at 877. The factual basis for Claim One, reads in its entirety:

> On January 25, 2011, Mr. Broadnax had a prescription for medical marijuana. (RT 632.) Andre Dixon, the individual with whom Mr. Broadnax smoked marijuana on January 25, 2011, also had a prescription for medical marijuana. (RT 634.)

ECF No. 148 at 7.

In his memorandum of points and authorities, movant argues that "[i]t is not evident from the record that Mr. Broadnax was not in compliance with the California's Proposition 215, or the Compassionate Use Act of 1996." ECF No. 148 at 19. This argument fails because the absence of evidence in the present context defeats the claim rather than supporting relief. First, when a McIntosh issue arises at any stage of a case, it is the defendant's burden to affirmatively establish strict compliance with the California medical marijuana laws that were in place at the time of his offense conduct. See Evans, 929 F.3d at 1077. And second, in proceedings under § 2255 it is always the movant's burden to present "specific factual allegations that, if true, state a claim on

5

1  which relief could be granted." United States v. Withers, 638 F.3d 1055, 1062 (9th Cir. 2011)
2  (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)).

3         The facts alleged here, which are limited to movant's possession of a medical marijuana
4  prescription, do not establish that the conduct underlying his convictions was strictly compliant
5  with the California medical marijuana laws in place at the time.  The offense conduct, as found by
6  the jury beyond a reasonable doubt and affirmed on appeal, involved distribution and possession
7  with intent to distribute.  See Kleinman, 880 F.3d at 1028 (determination whether rider applies
8  focuses on the specific charge and underlying conduct).  Mr. Broadnax's possession of a valid
9  medical marijuana card or prescription could only be relevant, if at all, to his compliance with
10 California laws regulating his personal use.  It has no probative value whatsoever regarding his
11 compliance with California laws regulating medical marijuana distribution.  Cf. Pisarski, 965
12 F.3d at 743-44 (district court permissibly enjoined prosecution for marijuana manufacturing and
13 possession with intent to distribute where defendants established by a preponderance of the
14 evidence that anticipated distribution was to California medical marijuana collectives and was not
15 for profit); see also United States v. Daleman, 2017 U.S. Dist. LEXIS 23213 at *12-14, 18-19
16 (E.D. Cal. 2017) (discussing provisions of California's Compassionate Use Act and Medical
17 Marijuana Program Act, and noting that state law authorizes medical marijuana transactions only
18 in the context of a "closed-circuit" of cultivation and consumption among members of non-profit
19 user collectives).

20        As the government emphasizes, the jury in this case rejected movant's testimony that the
21 marijuana at issue was for personal use only.  More importantly, movant was not *charged* with
22 simple possession, so whether his possession of personal use amounts was compliant with state
23 law does not matter.  There are no allegations in the § 2255 motion, and there is no hint in the
24 record, that movant was authorized under California law to *distribute* medical marijuana as part
25 of a user collective or otherwise.  Such a showing would be necessary to bring distribution, or
26 possession with intent to distribute, within the scope of McIntosh and Kleinman.  Even if Mr.
27 Broadnax had distributed only to Mr. Dixon (a proposition that is unsupported by the record and
28 which movant does not specifically allege), and assuming movant could prove that Dixon also

had a prescription, Dixon's compliance with California law regarding his own personal possession and use would do nothing to establish movant's "strict compliance" with the state's regulation of medical marijuana distribution.

In sum, absent specific factual allegations demonstrating movant's strict compliance with all state law conditions related to the distribution of medical marijuana, movant has not stated and cannot state a claim for relief. See McIntosh, 833 F.3d at 1179.  The § 2255 motion here is devoid of specific factual allegations regarding movant's compliance with the relevant provisions of California's Compassionate Use Act and/or the state's Medical Marijuana Program Act as they relate to the distribution and possession with intent to distribute of which movant was found guilty.  Because the motion to vacate thus lacks facts supporting a prima facie claim, it should be summarily denied without a hearing.  See United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003) (summary dismissal appropriate where movant's allegations do not state a claim for relief).

## CONCLUSION

For all the reasons explained above, IT IS HEREBY RECOMMENDED that the motion to vacate under 28 U.S.C. § 2255 (ECF No. 148) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7